IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARNEICE A. RITCHIE | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | TRIAL BY JURY DEMANDED |
| | : | |
| SUN BEHAVIORAL HEALTH | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Arneice A. Ritchie ("Plaintiff") was at all times relevant to this complaint a resident of Smyrna, Delaware.

2. Defendant, Sun Behavioral Health ("Defendant") is a public corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et. seq., as amended by the Civil Rights Act of 1991, §704 of Title VII. Accordingly, this Court has jurisdiction over the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

4. The action is also being brought pursuant to the Civil Rights Act of

1866, 42 U.S.C. § 1981, and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991), to redress and enjoin the discriminatory employment practices of the Defendant.

## VENUE

5.  The unlawful employment practices alleged herein were committed within the State of Delaware. Accordingly, venue lies in the United States District Court for the District of Delaware.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.  The Plaintiff timely filed a written charge of discrimination with the Equal Employment Opportunity Commission on September 18, 2021.

7.  The Equal Employment Opportunity Commission issued Plaintiff a "Right to Sue Notice" which was received by September 10, 2021. *EEOC Right to Sue Notice* attached as Ex. 1.

## FACTS

8.  Plaintiff Ritchie is a 47 year old African American female.

9.  Plaintiff Ritchie began employment at Sun Behavioral on September 20, 2018 as Director of Clinical Services

10. From January 2019 through November 2019, Plaintiff Ritchie acted in the role of Director of Outpatient Services, in addition to her hiring role of Director of Clinical Services.

11. Throughout the time that Plaintiff Ritchie fulfilled the responsibilities of both roles, she was never compenstated for her work as Director of Outpatient Services.

12. Sun Behavioral went for an extended period of time without a permanent, full time, employee dedicated to the role of Director of Outpatient Services.

13. Instead, other Department Directors were filling in the role on an interim basis.

14. Every other Director who filled this role was compensated during the time in which they filled role for the additional responsibilites.

15. Plaintiff Ritchie was never compensated for both jobs.

16. Plaintiff Ritchie was the only African American employee to have filled the role as an interim Director.

17. The other Directors to have filled the role on an interim basis were caucasian and were compensated for the additional responsbilities.

18. Plaintiff Ritchie expressed her concern to both the Human Resources Director, Ms. Shamika McLean and her immediate Supervisor and CEO, Ms. Ann Wayne.

19. Plaintiff's concerns were expressed in June of 2019 and October 2019, both written and verbally.

20. In December 2019, the Director of Outpatient Services role was taken over by someone other than Plaintiff Ritchie.

21. Plaintiff Ritchie was never compensated even afterwards, which led her to resign from her position in January 2020.

## COUNT I:
## RACE DISCRIMINATION

22. Plaintiff restates and realleges paragraphs 1 through 21, inclusive, as though set forth here in full.

23. Such acts as described above by defendants, its agents and employees, constitute unlawful race discrimination against Plaintiff in violation of Title VII, 42 U.S.C. §2000(6), et seq.

24. As a direct and proximate result of Defendant's unlawful discrimination, by and through its agents and employees, Plaintiff has been injured and has suffered and will continue to suffer pain, humiliation, anxiety, depression, mental anguish, emotional distress, physical manifestation of anxiety and the loss of past and future wages and benefits.

25. The language of Title VII makes plain the purpose of Congress to assure equality of employment opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, (1973)

26. Further, "[t]he broad, overriding interest, shared by employer, employee, and consumer, is efficient and trustworthy workmanship assured through fair and racially neutral employment and personnel decisions. In the implementation of such decisions, it is abundantly clear that Title VII tolerates no racial discrimination, subtle or otherwise." *Id*. at 801

27. Discrimination claims under Title VII are analyzed under the burden-shifting framework set forth by the United States Supreme Court in *McDonnell Douglas*. A plaintiff must first present a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for the position she held; (3) he suffered an adverse employment action despite being qualified; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *Sarullo v. United States Postal Serv*., 352 F.3d 789, 797 (3d Cir.2003).

28. An adverse employment action "may be ... any action that alters an employee's compensation, terms, conditions, or privileges of employment." *Collins v. Sload*, 212 Fed.Appx. 136, 140 (3d Cir.2007) (Once the plaintiff has established a prima facie case of racial discrimination, "the burden shifts to the [employer] 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Jones v. Sch. Dist. of Phila*., 198 F.3d 403, 410 (3d Cir.1999)

29. It is undisputed that Plaintiff, as an African American, is a member of

a protected class and that she is qualified for the position.

30. Here, it is alleged that Plaintiff was not given adequate and equal compensation in identical conduct as white employees who held similar interim Directorships, resulting in her resignation from employment with Defendant.

## COUNT II:
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

31. Plaintiff restates and realleges paragraphs 1 through 30, inclusive, as though set forth here in full.

32. Defendant has discriminated against Plaintiff by denying her the same rights as enjoyed by White employees with respect to the terms and conditions of their employment relationship with Defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

33. Defendant's conduct was intentional, deliberate, willful and conducted in callous disregard of the rights of Plaintiff.

34. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under Section 1981, including but not limited to damages for mental anguish and punitive damages.

## COUNT III

## WAGES DUE UNDER 19 DEL. C §1111 AGAINST DEFENDANTS ACTS

35. Paragraphs 1 through 34 are hereby realleged and incorporated herein by reference as if fully set forth herein.

36. Defendant, as employer, has, without any reasonable grounds for dispute, failed to pay the Plaintiff's wages on a timely basis as required under 19 Del. C. 1101 et seq.

37. Defendant is liable to Plaintiff for liquidated damages in the amount of 10 percent of the unpaid wages for each day, except Sunday and legal holidays, upon which such failure continues after the day upon which payment is required or in an amount equal to the unpaid wages.

## COUNT III
## QUANTUM MERIT

38. Paragraphs 1 through 37 are hereby realleged and incorporated herein by reference as if fully set forth herein.

39. A person who supplied another is entitled to recover under a claim in Quantum Meruit for the value of those services even when there is no formal agreement between the two parties. A party who volunteers their services on the other hand, is not entitled to recover.

40. To recover in quantum meruit, Plaintiff must those by a preponderance of the evidence of each of the following elements:

       1) that her services were performed with a reasonable expectation that Defendant would pay to them;

       2) that Defendant had notice that Plaintiff expected to be paid for her services; and

       3) that Plaintiff's services were of value to the Defendant.

41. Here, Plaintiff was hired by Defendant as a Director of Clinical Services and was given additional role as Director of Outpatient Services.

42. Even after giving notice to the Defendant on two occasions that she was not being compensated for her additional role, once in June of 2019, and again in October 2019, both written and orally, Defendant has yet to pay Plaintiff for time worked for her additional role as the Director of Outpatient Services.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter a judgment in his favor and against the Defendant as follows:

a. Declare the conduct engaged in by the defendant be in violation of the plaintiff's statutory rights.

b. Award the plaintiff back pay compensation for his pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

  c. Award the plaintiff sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

  d. Award the plaintiff compensatory and punitive damages not otherwise specified.

  e. Award the plaintiff any and all other liquidated damages, which would make the plaintiff "whole".

  f. Award the plaintiff attorney fees, the costs of this action, pre-judgment and post judgment interest, and;

  g. Such other and further relief as this Court feels proper.

        **THE POLIQUIN FIRM, L.L.C.**

        /s/ Ronald G. Poliquin
        RONALD G. POLIQUIN, ESQUIRE
        Delaware Bar ID No. 4447
        1475 S. Governors Ave.
        Dover, DE  19904
        (302) 702-5501
        *Attorney for Plaintiff Arneice Ritchie*

Filed: December 6, 2021